# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN D. PAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0253-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Brian Payton filed this case seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Doyle W. Argo, who recommended that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection to the Report and Recommendation, reasserting his arguments that (1) the administrative law judge ("ALJ") failed to properly evaluate the opinion of Dr. Michael Babb, (2) plaintiff did not possess sufficient residual functional capacity to perform work which exists in significant numbers in the national economy, and (3) the ALJ erred in her credibility analysis.[1]

Plaintiff continues to assert the ALJ did not give proper weight to Dr. Babb's opinion and that the ALJ failed to state what weight she ultimately did give his opinion. Having given these objections de novo review, the court agrees with the magistrate judge that the

---

[1] *Plaintiff also objects on the grounds that the magistrate judge impermissibly provided post hoc justifications for the ALJ's decision. To the contrary, the magistrate judge's analysis was thorough and replete with citations to the ALJ's decision.*

ALJ properly evaluated Dr. Babb's opinion. As both the ALJ and magistrate judge noted, there were legitimate reasons—plaintiff's subjective reports of his symptoms and limitations, the conflicting testimony by other medical professionals, and conflicting evidence in the record—for discounting the weight given to Dr. Babb's medical opinion. It is not the court's function to "reweigh the evidence and substitute its judgment for that of the agency." Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). As plaintiff's objection to the RFC determination is dependent on the treatment of Dr. Babb's opinion, that objection is also unpersuasive.

The court also rejects plaintiff's objection regarding the ALJ's credibility analysis of the plaintiff. Credibility determinations are generally the province of the fact finder, and they should not be upset when supported by substantial evidence. Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). As the magistrate judge noted, the ALJ "exhaustively reviewed the evidence and discussed her reasons for finding [p]laintiff less credible regarding the disabling effects of his pain." Report & Recommendation [Doc. #15, p. 18]. The court concurs that the ALJ's finding—that plaintiff was not fully credible in describing the extent of his pain and limitations— was supported by substantial evidence.

The court, having reviewed the record and considered plaintiff's arguments, agrees with the magistrate judge's analysis and **ADOPTS** his Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2011.

                                              JOE HEATON
                                              UNITED STATES DISTRICT JUDGE